IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON WILLIAMS d/b/a URTHCOM, LLC, <br>       Plaintiff, <br>   v. <br> SOLID CONTACT BASEBALL, INC.. <br>       Defendants. | Case No. 08 C 2839 <br><br> Chief Judge Holderman <br><br> Magistrate Judge Ashman |
| SOLID CONTACT BASEBALL, INC., <br><br>       Counter-Plaintiff, <br>   v. <br> DON WILLIAMS, <br><br>       Counter-Defendant. | |
| SOLID CONTACT BASEBALL, INC., <br><br>       Third Party Plaintiff, <br>   v. <br> URTHCOM, LLC; PETER CEKO; AND CEKOM, CORP., <br><br>       Third Party Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF URTHCOM, LLC'S
<u>MOTION TO DISMISS THIRD PARTY COMPLAINT</u>**

Third Party Defendant, URTHCOM, LLC, by and through its attorneys, KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC, having moved this Court to Dismiss Defendant's Third Party Complaint, submits this Memorandum of Law.

## INTRODUCTION

This lawsuit was brought by Don Williams as a sole proprietor, doing business as URTHCOM, LLC. Williams has used "URTHCOM" for a number of years to work on marketing projects. The entity did not formally exist until April 23, 2008 when it was established in Illinois as a Limited Liability Company. Third Party Complaint, ¶ 7.

Despite having full knowledge that URTHCOM, LLC did not exist until April 23, 2008, in a deliberate effort to turn this case into a quagmire, Third Party Plaintiff, Solid Contact Baseball, Inc. ("SCB") alleges that: URTHCOM, LLC entered into a contract on September 21, 2007, more than eight months before it existed; committed fraud based entirely on events that occurred before it existed; violated the Illinois Uniform Deceptive Trade Practices Act before it existed; and engaged in a conspiracy to commit fraud that ended in February of 2008 at the latest.

The inclusion of URTHCOM, LLC in this lawsuit is proof positive of SCB's sole motive in this litigation — to make Mr. Williams' effort to recoup the $78,000 at issue in this suit as expensive as possible. Inasmuch as there is no legal basis for URTHCOM, LLC to remain in this lawsuit, it should be dismissed, with prejudice.

## ARGUMENT

A complaint must set forth facts sufficient to demonstrate that a claim is plausible on its face. *Bell Atlantic Corp v. Twombly*, --- U.S. ---, 127 S.Ct.1955, 1974 (2007). A party may plead itself out of Court. *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). URTHCOM, LLC adopts the arguments set for in Plaintiff Don Williams' Motion to Dismiss SCB's Counterclaim. Because URTHCOM, LLC did not exist until April 23, 2008 well after all

of the acts which are the subject of SCB's Third Party Complaint were over, SCB cannot maintain claims against URTHCOM, LLC as a matter of law.

**I.     The Appropriate Party To SCB's Claims is Don Williams.**

SCB claims URTHCOM, LLC breached a contract with it dated September 21, 2007. This is impossible. As SCB knows, URTHCOM, LLC could not possibly have been a party to any agreement, as alleged, as it did not exist at the time the LOA was executed having been formed on April 23, 2008, well after SCB alleges the invoices for the infomercial were submitted and shortly before Mr. Williams initiated this lawsuit. *See* Third Party Complaint, ¶ 7 (URTHCOM established on April 23, 2008); ¶24 (infomercial delivered in January 2008); ¶¶ 21-22 (billing disputes that form the basis for the alleged fraud occurring in 2007).

It was entirely proper for Mr. Williams to bring this lawsuit in his own name d/b/a URTHCOM, LLC. He was acting as a sole proprietor and as such he and his business are legally indistinguishable. *See Casho Oil Co. v. Moses*, 605 F.Supp 70, 71 (N.D. Ill. 1985) (a sole proprietorship "has no legal existence apart from [its proprietor] and is not separately suable under Illinois law."). Given that the allegations of SCB's Third Party Complaint demonstrate that the newly established URTHCOM, LLC could not possibly have been involved in any of the conduct alleged in the Third Party Complaint, because it did not exist until after all of the events occurred, it is not a proper party to this lawsuit. SCB cannot sue old URTHCOM as its sole remedy is against the proprietor, Mr. Williams.

**CONCLUSION**

For all of the foregoing reasons, SCB's Third Party Complaint against URTHCOM, LLC should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) and this Honorable Court should grant it such other and further relief that it deems appropriate and just.

Respectfully Submitted,

**URTHCOM, LLC**

By:  /s/ Charles F. Morrissey
      One of his attorneys

Charles F. Morrissey
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
200 South Michigan Avenue
20th Floor
Chicago, Illinois 60604
(312) 431-3700