IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON WILLIAMS d/b/a URTHCOM, LLC<br><br>Plaintiff,<br><br>v.<br><br>SOLID CONTACT BASEBALL, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.   08cv2839   JH<br>)   JUDGE HOLDERMAN<br>)   MAGISTRATE JUDGE ASHMAN<br>)<br>) |
| SOLID CONTACT BASEBALL, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>DON WILLIAMS,<br><br>Counter-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| SOLID CONTACT BASEBALL, INC.,<br><br>Third Party Plaintiff,<br><br>v.<br><br>URTHCOM, LLC; PETER CEKO; AND CEKOM CORP;<br><br>Third Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| PETER CEKO,<br><br>Counter-Plaintiff,<br><br>v.<br><br>SOLID CONTACT BASEBALL, INC.; ROBERT A. MOSS, SR.; AND ROBERT A. MOSS, JR.;<br><br>Third Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SOLID CONTACT BASEBALL, INC.'S MOTION TO DISMISS
ALL CLAIMS AGAINST IT IN PETER CEKO'S COUNTERCLAIM
<u>PURSUANT TO FED. R. CIV. P. 12(B)(1)</u>**

1

Defendant, Counter-Plaintiff, Third Party Plaintiff, and Counter-Defendant, SOLID CONTACT BASEBALL, INC. ("SCB"), by and through its attorneys, for its MOTION TO DISMISS ALL CLAIMS AGAINST IT IN PETER CEKO'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1), states as follows:

1.　　Third Party Defendant/Counter-Plaintiff Peter Ceko ("Ceko") has filed a Corrected Verified Counterclaim (the "Counterclaim")[1] in this case, which purports to state two claims against SCB for breach of contract. In Count III of his Counterclaim, Ceko alleges that SCB owes him 8,571 shares of SCB stock pursuant to an August 20, 2007 "Subscription Agreement." (Counterclaim ¶¶ 58-60). In Count IV of his Counterclaim, Ceko alleges that SCB was required under another agreement to give him additional shares of SCB stock for his ten months of service as a member of SCB's Board of Directors (Counterclaim ¶¶ 61-63).

2.　　SCB has issued to Ceko all of the outstanding shares he seeks in his Counterclaim. As explained more fully in the accompanying Memorandum of Law, because the failure to receive those shares of stock is the only damage Ceko alleges to have suffered as either a direct or proximate cause of SCB's purported breaches of contract, there remains no live or justiciable controversy and this Court lacks subject matter jurisdiction over Ceko's claims against SCB. All of Ceko's claims against SCB must be dismissed as moot.

3.　　In addition, and again as explained in the accompanying Memorandum of Law, in order for this Court to hear Ceko's Counterclaim, he must plead and prove an independent basis for federal subject matter jurisdiction. Ceko pleads diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). (Counterclaim ¶ 3). SCB and Ceko are citizens of different states, but the value of the shares that Ceko seeks in his Counterclaim is indisputably far below the $75,000 "amount in

---

[1] The Counterclaim, which is available at Docket Entry no. 36, has been temporarily sealed by order of Magistrate Judge Ashman dated August 27, 2008.

controversy" minimum set by the statute. For this separate and independent reason, Ceko's claims against SCB should be dismissed for lack of subject matter jurisdiction.

WHEREFORE, for all of the foregoing reasons and the reasons set forth in the accompanying Memorandum of Law, SCB respectfully requests that this Court grant its motion, and dismiss Peter Ceko's Corrected Verified Counterclaim against SCB in its entirety, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

___s/ Jami A. Gekas___
One of the Attorneys for Defendant/Counter-Plaintiff/Third Party Plaintiff/Counter-Defendant,
SOLID CONTACT BASEBALL, INC.

Dated: September 8, 2008

Michael Dockterman
Jami A. Gekas
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL  60606-1229
(312) 201-2000
Facsimile:  (312) 201-2555

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing SOLID CONTACT BASEBALL'S MOTION TO DISMISS ALL CLAIMS AGAINST IT IN PETER CEKO'S COUNTERCLAIM PURSUANT TO RULE 12(b)(1) was served via the CM/ECF electronic filing system on this 8th day of September, 2008, and thereby served upon counsel for all parties.

By:  s/ Jami A. Gekas

One of the Attorneys for Defendant/Counter-Plaintiff/Third Party Plaintiff/Counter-Defendant, SOLID CONTACT BASEBALL, INC.