**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DON WILLIAMS d/b/a URTHCOM, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOLID CONTACT BASEBALL, INC., )<br>)<br>Defendant. ) | CASE NO.   08cv2839   JH<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE ASHMAN |
| SOLID CONTACT BASEBALL, INC., )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>DON WILLIAMS, )<br>)<br>Counter-Defendant. ) | |
| SOLID CONTACT BASEBALL, INC., )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>URTHCOM, LLC; PETER CEKO; AND )<br>CEKOM CORP; )<br>)<br>Third Party Defendants. ) | |
| PETER CEKO, )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>SOLID CONTACT BASEBALL, INC.; )<br>ROBERT A. MOSS, SR.; AND ROBERT A. )<br>MOSS, JR.; )<br>)<br>Third Party Defendants. ) | |

**SOLID CONTACT BASEBALL, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS ALL CLAIMS AGAINST IT IN PETER CEKO'S
<u>COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(B)(1)</u>**

1

**INTRODUCTION**

The entirety of Third Party Defendant Peter Ceko's ("Ceko's") "Corrected Verified Counterclaim" (the "Counterclaim")[1] against Solid Contact Baseball, Inc. ("SCB") consists of two counts alleging breach of contract.[2] In Count III of his Counterclaim, Ceko alleges that SCB owes him 8,571 shares of stock pursuant to an August 20, 2007 "Subscription Agreement."[3] In Count IV of his Counterclaim, Ceko alleges that SCB was required under another agreement to give him additional shares of SCB stock in consideration for his ten months' service as a member of SCB's Board of Directors. However, and fatal to his claims, as of the date of this motion, Ceko has been issued all of the outstanding shares he demands in his prayer for relief. Having redressed the only injury Ceko has pleaded as either a direct or proximate result of SCB's purported breaches of contract, there remains no live or justiciable controversy between SCB and Ceko, divesting this Court of Article III jurisdiction over Ceko's claims. Furthermore, Ceko's claims against SCB—which are permissive, rather than compulsory counterclaims—fail to meet the statutory minimum "amount in controversy" required to invoke the diversity jurisdiction of this Court. For either of these reasons, pursuant to Fed. R. Civ. P. 12(b)(1), Ceko's Counterclaim against SCB must be dismissed.

---

[1] Ceko filed a first "Verified Counterclaim" on August 18, 2008. One day later, on August 19, 2008, Ceko filed a "Corrected Verified Counterclaim," which corrected one date (*i.e.*, "January 31, 2008" in Paragraph 38 was changed to "July 31, 2008") but was otherwise identical to the original Verified Counterclaim. On August 25, 2008, SCB moved on an emergency basis to strike both versions of the Counterclaim. SCB argued that it was inappropriate for Ceko to publicly file a pleading containing SCB's sensitive and confidential business information, as Ceko was obligated by law and by contract to protect the confidentiality of that information. SCB's motion was referred out to Magistrate Ashman, who has ordered that both versions of the Counterclaim be temporarily removed from the Court's public electronic filing system, to maintain the *status quo* until such time as SCB's motion has been fully briefed and Magistrate Ashman has ruled on it.

[2] Though Ceko's Counterclaim also purports to state claims against two additional defendants, Robert A. Moss, Sr. and Robert A. Moss, Jr., the instant motion is filed only on behalf of SCB. As of the date of filing this Motion to Dismiss, undersigned counsel for SCB has not been retained to represent either of the Mosses in this matter, and thus does not purport to speak for them. Nonetheless, SCB notes that Ceko has alleged no basis to add new parties Mr. Moss, Sr. and Mr. Moss, Jr. to the case, has not moved this Court for leave to do so, and has not yet served them. As such, these individuals are not parties to the case, and no response to Ceko's claims against them is due.

[3] The Subscription Agreement was attached to both versions of the Counterclaim as Exhibit 2 thereto.

**ARGUMENT**

I. **The Counterclaim Against SCB Should Be Dismissed Because Ceko's Pleaded Injury Has Been Redressed, Rendering the Dispute Between the Parties Moot.**

"Under Article III, Section 2 of the United States Constitution, federal court jurisdiction is limited to 'actual, ongoing controversies.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007), quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988). This requirement must be met at the commencement of the litigation, and "must continue throughout its existence." *St. John's*, 502 F.3d at 626, quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997). If at any time the issues presented by a party are no longer "live"—*i.e.*, if the "dispute between the parties no longer rages"—then that party's claims are "moot and must be dismissed for lack of jurisdiction." *St. John's*, 502 F.3d at 626 (internal citations and quotations omitted); *see also Stotts v. Community Unit School District No. 1*, 230 F.3d 989, (7th Cir. 2000) (affirming dismissal of moot case for lack of subject matter jurisdiction). In particular, once a party's "entire demand is satisfied, 'there is no dispute over which to litigate, and a [party] who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.'" *Id.*, quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).

Ceko's entire case against SCB here is stated in the following six paragraphs:

COUNT III – BREACH OF CONTRACT

(Against SCB)

58. Under the terms of the Subscription Agreement between Ceko and SCB, Ceko invested $112,000 into SCB in return for 80,000 shares of SCB common stock.

59. Ceko has performed all of his obligations under the Subscription Agreement by investing $112,000 into SCB. SCB, however, has only credited Ceko with a $100,000 investment, and has only issued Ceko 71,429 shares.

3

60. SCB has breached its agreement with Ceko. SCB's breach has directly and proximately caused Ceko to suffer damages by failing to receive 8,571 shares of SCB stock.

### COUNT IV – BREACH OF CONTRACT

(Against SCB)

61. SCB and Ceko had an agreement whereby SCB promised to compensate Ceko for his services as a Board Member by issuing him additional SCB stock.

62. Ceko has performed all of his obligations under that agreement by performing services as a Board Member. SCB, however, has never issued him additional stock as compensation for those services.

63. SCB has breached its agreement with Ceko. SCB's breach has directly and proximately caused Ceko to suffer damages by failing to receive the additional shares of stock that he was promised.

SCB has issued and sent Ceko all of the shares he seeks in his Counterclaim: a total of 80,000 shares pursuant to his investment under the Subscription Agreement, and an additional 10,000 shares as compensation for his ten months of service as an SCB Director, for a total of 90,000 shares. (*See* August 20, 2008 Common Stock Certificate and cover letter to counsel for Ceko, attached hereto as Ex. A.)[4]  Because SCB has now given Ceko "precisely the relief" he seeks in the Counterclaim, his dispute with SCB over the shares has been terminated, depriving this Court of subject matter jurisdiction over the entirety of the case brought by Ceko against SCB. *St. Johns*, 502 F.3d at 626 (dismissing as moot a cemetery's claims against the City of Chicago, after the City agreed to the exact relief the cemetery sought in its complaint); *see also Rand*, 926 F.2d at 598 (affirming district court's entry of judgment against shareholder plaintiff

---

[4] In reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a district court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. Johns*, 502 F.3d at 625, quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Nonetheless, this Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*.

who refused an offer by the defendant corporation to pay the full amount by which plaintiff asserted he had been injured). Accordingly, whether articulated as "mootness" or a lack of Article III "injury," the Counterclaim against SCB must be dismissed.

## II.  Ceko's Counterclaims Should Be Dismissed Because Ceko Does Not and Cannot Plead the Shares at Issue are Worth $75,000, the Required Jurisdictional Amount.

In addition to the fact that the claims alleged in Counts III and IV are moot, those Counts are also subject to dismissal for a second, distinct reason. In the Counterclaim, Ceko asserts that the causes of action he brings against SCB are "compulsory counterclaims," and that this Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (Counterclaim ¶ 3). No other basis for subject matter jurisdiction appears in the Counterclaims. Ceko's pleading itself, however, indisputably establishes that Ceko's claims against SCB are actually permissive—rather than compulsory—counterclaims.

As this Court well knows, to qualify as a compulsory counterclaim, the dispute pleaded in the counterclaims must arise out of the same "transaction or occurrence" as that pleaded in the opposing party's complaint. Fed. R. Civ. P. 13(a). But as evident on the face of the pleadings, Ceko's claims clearly ***do not*** arise out of the same "transaction or occurrence" that is the subject matter of the underlying Third Party Complaint, because they involve two purported agreements to provide stock to Ceko, neither of which was referenced, relied upon, or even implicated by the Third Party Complaint (which instead alleged that Ceko breached his fiduciary duties and committed a series of other unlawful acts intended to induce SCB to enter into a particular contract for marketing services). *See Oak Park Trust And Savings Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (defendant's claim arose from "events other than those that led to" the plaintiff's claim and was "therefore a permissive rather than a compulsory counterclaim").

5

Because Ceko's counterclaims are permissive, Ceko's claims against SCB must be dismissed on jurisdictional grounds unless "an independent basis for federal jurisdiction" exists. *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 961 (7th Cir. 1982); *see also Oak Park*, 209 F.3d at 651 (permissive counterclaims "require an independent basis of federal jurisdiction"); Wright & Miller, FEDERAL PRACTICE & PROCEDURE, 6 Fed. Prac. & Proc. Civ. 2d § 1422 (2008 online ed.) (noting federal courts "consistently hold that permissive counterclaims must be supported by independent grounds of federal jurisdiction").  Federal question jurisdiction is obviously lacking in this case, and Ceko's allegations fall far short of what is required to invoke diversity of citizenship jurisdiction, insofar as Ceko has not even attempted to plead (nor could he, consistent with the requirements of Fed. R. Civ. P. Rule 11) that the value of the stock at issue was $75,000 or greater, as required by 28 U.S.C. § 1332.  Although there is diversity of citizenship between Ceko and SCB, the shares Ceko seeks from SCB are indisputably worth less than the minimum $75,000 "amount in controversy" required by the statute.  *See By-Prod,* 668 F.2d at 961 (finding it a "legal certainty" that the counterclaim plaintiff could not obtain a judgment for the statutory minimum).

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, SCB respectfully requests that this Court grant its motion, and dismiss Peter Ceko's "Corrected Verified Counterclaim" against SCB in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1).

                Respectfully submitted,

                     s/ Jami A. Gekas
                One of the Attorneys for Defendant/Counter-
                Plaintiff/Third Party Plaintiff/Counter-Defendant,
                SOLID CONTACT BASEBALL, INC.

Dated: September 8, 2008

Michael Dockterman
Jami A. Gekas
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000
Facsimile: (312) 201-2555

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing SOLID CONTACT BASEBALL, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS ALL CLAIMS AGAINST IT IN PETER CEKO'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) was served via the CM/ECF electronic filing system on this 8th day of September, 2008, and thereby served upon counsel for all parties.

By:   s/ Jami A. Gekas

# Exhibit A

Case 1:08-cv-02839 Document 42-2 Filed 09/08/2008 Page 1 of 4

Wiggin and Dana LLP  
400 Atlantic Street  
P.O. Box 110325  
Stamford, CT  
06911-0325  
www.wiggin.com

203.363.7600  
203.363.7676 fax

**WIGGIN AND DANA**

*Counsellors at Law*

September 8, 2008

*Via Federal Express*

Attorney Rebecca L. Fine  
SCHINDLER COHEN & HOCHMAN LLP  
100 Wall Street, 15th Floor  
New York New York 10005

*Re: Solid Contact Baseball, Inc. – Stock Certificate for Shares Issued to Peter Ceko*

Dear Ms. Fine:

Enclosed please find the original of Common Stock Certificate No. 10, representing 90,000 shares of Solid Contact Baseball, Inc. Common Stock issued to Peter Ceko.

The shares reflected by this certificate include previously uncertificated shares for Mr. Ceko's $100,000 investment, the $10,000 inventory loan with 20% interest, as converted into Common Stock, and 10,000 director shares, pro-rated for 10 months.

Sincerely,

*Patricia C. Sperling*

Patricia C. Sperling  
Paralegal

PCS  
Enclosure

18551\1\2105129.1

*New Haven   Stamford   New York   Hartford   Philadelphia*



THIS IS TO CERTIFY THAT *Peter Cekq* is the owner of *Ninety Thousand (90,000)* fully paid and non-assessable shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

WITNESS, the seal of the corporation and the signatures of its duly authorized officers.

Dated: *August 20, 2008*

President

Secretary

Solid Contact Baseball, Inc.

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

Common Stock
$0.001 Par Value Per Share

© 1999 CORPEX BANKNOTE CO., BAY SHORE N.Y.

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | - as tenants in common | UNIF TRANSFERS MIN ACT-.........Custodian........... (Minor) under Uniform Transfers to Minors Act...................... (State) |
| TEN ENT | - as tenants by the entireties | |
| JT TEN | - as joint tenants with right of survivorship and not as tenants in common | |

Additional abbreviations may also be used though not in the above list

..........................................................................................................................................................................................

*For value received* _____ hereby sell, assign and transfer unto _____, whose address is _____,

_____ Shares represented by the within Certificate, and do hereby irrevocably constitute and appoint _____ Attorney to transfer the said Shares on the books of the within named Corporation with full power of substitution in the premises.

Dated _____, _____.

_____

**NOTICE:** The signature to this assignment must correspond with the name as written upon the face of the certificate in every particular without alteration or enlargement or any change whatever.

..........................................................................................................................................................................................

THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR APPLICABLE STATE SECURITIES LAWS. THESE SECURITIES HAVE BEEN ACQUIRED FOR INVESTMENT AND NOT WITH A VIEW TO DISTRIBUTION OR RESALE, AND MAY NOT BE SOLD, MORTGAGED, PLEDGED, HYPOTHECATED OR OTHERWISE TRANSFERRED WITHOUT AN EFFECTIVE REGISTRATION STATEMENT FOR SUCH SECURITIES UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND APPLICABLE STATE SECURITIES LAWS, OR THE AVAILABILITY OF AN EXEMPTION FROM THE REGISTRATION PROVISIONS THEREOF AND FROM APPLICABLE STATE SECURITIES LAWS.